Attorneys for Plaintiff(s)

1  OLEG POGREBNOY (Pro Per)
2  1705 Pico Blvd. suit 107
   Santa Monica, CA 90405
3  Phone: (213) 909-4148
4        (213)596-0358

FILED     ORIGINAL

2008 FEB 15 PM 4: 02

5

6

7

8

9

10

## UNITED STATES DISTRICT COURT
12
## CENTRAL DISTRICT OF CALIFORNIA
13

14

| | |
|---|---|
| OLEG POGREBNOY | CASE NUMBER |
| PLAINTIFF | COMPLAINT  08 - 1 0 8 0 - PA (SS X |
| v. | |
| VITALY MATUSOV; | |
| MARINA MATUSOV; | |
| RUSSIAN NEWSPAPERS DISTRIBUTORSHIP; | |
| ALEXANDER GREENBERG; | |
| YELENA FELDMAN; | |
| ARINA DOE; | |
| YEFIM DOE; | |
| ALEXANDER DOE; | |
| ALEXANDER DOE; | |
| VLADIMIR DOE; | |
| NEWS-TYPE SERVICE, INC.,( AKA NTS); | |
| JOHN & JANE DOE; | |
| JOHN AND JANE DOE INC. | |
| DEFENDANTS. | |

```
2/15/2008 4:15:42 PM  Receipt #: 104439
       Cashier : ABELLAMY [LA 1-1]
Paid by: OLEG POGREBNOY
2:CV08-01080
2008-086900      5 - Civil Filing Fee(1)
Amount :                         $60.00
2:CV08-01080
2008-510000     11 - Special Fund F/F(1)
Amount :                        $190.00
2:CV08-01080
2008-086400        Filing Fee - Special(1)
Amount :                        $100.00
Credit card Payment : 3939 016162 / 350.0
0
```

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
-----------------------------------------------x
OLEG POGREBNOY

Case No.:

Plaintiffs,

**VERIFIED COMPLAINT**
-against-                        AND JURY DEMAND

VITALY MATUSOV;
MARINA MATUSOV;
RUSSIAN NEWSPAPAPERS DISTRIBUTORSHIP;
ALEXANDER GREENBERG;
YELENA FELDMAN;
ARINA DOE;
YEFIM DOE;
ALEXANDER DOE;
ALEXANDER DOE;
VLADIMIR DOE;
JOHN & JANE DOE;
NEWS-TYPE SERVICE, INC.,( AKA NTS);
JOHN AND JANE DOE INC.

Defendants.
-----------------------------------------------x

Plaintiffs, Pro *Se* complaining of the Defendants, alleges upon the knowledge and belief

as follows:

## SUMMARY OF CLAIMS

1.  Plaintiffs commenced this action after being victimized by the unlawful, and unfair acts of

    Defendants, who in violation of US Copyright and Trademark law and the State of

    California Unfair Competition code and as well as breach of their contract, and fiduciary

    duties to Plaintiff – the founder and owner of the Russian language newspaper Kurier and

    "Kurier" trademark, unlawfully and unfairly, repeatedly and willfully, committed acts of

    false designation of origin, trade dress infringement and unlawful restraint of trade by

1

printing and distributing an unauthorized publication under Plaintiff's trademark, held themselves out as the owners of the Kurier publication and intentionally prevented Plaintiff from distributing the original Kurier newspaper, thereby causing and continuing to cause irreparable harm to Plaintiffs' business, reputation, goodwill, trade name, trademarks, and ability to fairly compete in the marketplace.

2.   Unless the Court intervenes and enjoins Defendants' ongoing unlawful conduct, Plaintiffs will continue to be irreparably harmed and Plaintiff risks losing his sole livelihood and business.

3.   Accordingly, Plaintiffs seek injunctive, and monetary relief and bring the following counts: (I) False designation of origin under §43(a) of the Lanham Act, 15 U.S.C. §1125(a); (II) trade dress infringement under §43(a) of the Lanham Act, 15 U.S.C. §1125(a),); (III) trademark dilution under the Lanham Act, 15 U.S.C. §1125(c.); (IV) breach of fiduciary duty; (V) breach of contract; (VI) fraud; (VII) conversion; (VIII) unjust enrichment; (IX) trespass to chattels; (X) intentional interference with business relations; (XI) common law unfair competition; (XII) unfair competition in violation of California UCL §17200 (XIII) Restraint on trade and competition in violation of California UCL §16720; (XIV) Conspiracy against trade in violation of CA UCL § 16755;  (XV) fraudulent transfers in violation of uniform fraudulent transfer act CA CPL §4349

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction over this action pursuant to §43(a) of the Lanham Act 15 U.S.C. §1121 (Lanham Act claims), 28 U.S.C. §1331 (federal question), 28 U.S.C. §1338(a)-(b) (original jurisdiction to adjudicate federal trademark claims and

2

accompanying claims of unfair competition), and 28 U.S.C. § 1367(a) (supplemental jurisdiction over all other related claims).

5. Venue is proper in the Central District of California pursuant to 28 U.S.C. 1391(b)

## PARTIES

6. Plaintiff is a natural person and resident of California and the founder and owner of Russian language weekly newspaper Kurier and the Kurier trademark.

7. Defendant Vitaly Matusov is a natural person and resident of California and upon the knowledge and belief, owner and operator of the Defendant Russian Newspaper Distributorship.

8. Defendant Marina Matusov – Vitaly Matusov's wife is a natural person and resident of California. Upon the knowledge and belief she is the co-owner of the Defendant Russian Newspaper Distributorship.

9. Russian Newspaper Distributorship is a California business entity located at 425S. Fairfax Ave. Suite # 305 Fairfax Avenue, Los Angeles, CA 90036.

10. Defendant Alexander Greenberg is a natural person and resident of California. He is the manager of the Defendant Russian Newspaper Distributorship and the owner of his own John Doe company which employed by the Defendant Vitaly Matusov and/or Russian Newspaper Distributorship.

11. Defendant Yelena Feldman is a natural person and resident of California and employed by the Defendant Vitaly Matusov and/or Russian Newspaper Distributorship.

12. Defendant Arina Doe is a natural person and resident of California and employed by the Defendant Vitaly Matusov and/or Russian Newspaper Distributorship.

3

13. Defendant Aleksander Doe is a natural person resident of California, and is a distributor of the Defendants newspaper under Plaintiff's trademark and masthead.

14. Defendant Aleksander Doe is a natural person resident of California, and is a distributor of the Defendants newspaper under Plaintiff's trademark and masthead.

15. Defendant Yefim Doe is a natural person resident of California, and is a distributor of the Defendants newspaper under Plaintiff's trademark and masthead.

16. Defendant Vladimir Doe is a natural person resident of California, and is a distributor of the Defendants newspaper under Plaintiff's trademark and masthead.

17. Defendant News-Type Service, Inc., AKA NTS  is a California business entity with an office at 1506 Gardena Ave., Glendale 91204, printers that prints defendant's publication under "Kurier" Mark.

18. Defendants John and Jane doe are presently unknown persons acting in concert with the Defendants in connection with the production, promotion and distribution of unauthorized newspaper under Plaintiff's trademark.

19. Defendant John and Jane Doe Inc. are presently unknown business entities acting in concert with the defendants in connection with the production, promotion and distribution of unauthorized newspaper under Plaintiff's trademark.

## FACTS COMMON TO ALL COUNTS

20. In or about early 2002, Plaintiff Oleg Pogrebnoy (hereinafter Pogrebnoy) founded his current business, Russian language weekly newspaper Kurier, which has since operated continuously and is sold weekly directly to the members of the Russian speaking community all over US and in some cites in Canada.

4

21. In less then a year, Kruer reached substantial popularity among Russian specking immerges all over US.

22. Since beginning its operations in 2002, Plaintiffs have invested substantial time, money effort and energy into developing, administering, refining and upgrading the newspaper's masthead, layout and appearance, as well as promoting, publicizing, advertising and marketing "Kurier" Mark and masthead.

23. Initially it was distributed mainly in NY, NJ, PA, Philadelphia, Boston, etc. Also individual copies were mailed at customers' requests by US mail all over US including Los Angeles, California.

24. That was the first penetration of the Kurier trademark in the Los Angeles and California market.

25. In 1994 Plaintiff decided to expand his business to Los Angeles, which had after New York the largest Russian speaking emerges community.

26. Plaintiff decided to hired his old time friend Vitaly Matusov (hereinafter Matusov), citizen of California, to distribute plaintiff's newspaper in California, sell advertising space and collect payments on behalf of plaintiff.

27. Pogrebnoy and Matusov agreed that Matusov would be compensated by taking 50% from the gross income arising from the sale of advertising and the sale of newspapers and would send the other 50% to the Plaintiff.

28. In 1994-1995 Plaintiff, on a weekly basis, was sending the hard copy of Kurier newspapers to Matusov in Los Angeles (hereinafter LA), and Matusov sold those Kurier newspapers.

5

29. That was the second and major penetration into the Los Angeles Russian speaking community market by Plaintiffs business, trademark and masthead. Plaintiff was first in the Los Angeles market using Kurier mark.

30. Since 1995 instead of the newspaper hardcopies, Plaintiff has been sending films[1] of the Kurier, initially prepared by Plaintiff's printers in New York. These were the same films from which New York edition of Kurier was printed.

31. To print and distribute Kurier in LA, Matusov was taking said films to printers in Los Angeles, who were printing Kurier in LA using the same films made in New York. Using razor and scotch tape Matusov was substituting Los Angeles advertising for New York advertising.

32. LA advertising at the time was also designed and typeset by Plaintiff's office in New York and printout was sent to LA.

33. In or about 1998 Matusov begin complain to Plaintiff that his expanses increased and Plaintiff agreed to increase Matusov's compensation from 50% to 60% of gross income of Kurier – newspaper sale and advertising (after deduction of printing cost), and take 40% for himself, in order not to be involved in calculation of any other expanses except printing cost.

34. At the time Matusov represented to Plaintiff that his 40% from gross income of Kurier comes to $2800 a month which amount Matusov have been sending to Plaintiff since that time.

---

[1] Until recent, to print a newspaper printing shop was shooting films of stencil board of each page of the newspaper to be printed, then making plates from said films and then print newspaper from such plates. Nowadays plates are made directly from computer files skipping films.

35. Plaintiff and Matusov agreed that if Kurier's income would increase then monthly payments to Pogrebnoy would be increased accordingly.

36. During all this years, Plaintiff was periodically inquiring Matusov about income of Kurier, but Matusov was always representing to Plaintiff that income remains unchanged.

37. Plaintiff never checked the books and records and trusted Matusov as his old time friend.

38. In 2007 Pogrebnoy demanded from Matusov to produce books and records for accounting of Kurier's income, but Matusov refused.

39. Upon information and belief gross income of Kurier in Los Angeles is about $700,000 a year.

40. On or about December 29, 2007 Plaintiff called Matusov and told him that Kurier does not require his distributing services any longer and terminated his license to distribute Kurier in LA.

41. Plaintiff specifically prohibited Matusov from printing and distributing any newspaper under Kurier mark, and/or sell advertising in Plaintiff newspaper.

42. Plaintiff also sent a letter to that effect to Matusov's office by fax and also by US first class mail memorializing that decision of Plaintiff.

43. Matusov refused to obey and continue and to print and distribute his own, unauthorized publication using Plaintiff's trademark and trade dress.

44. The same day Plaintiff went to News-Type Service, Inc., (AKA NTS) (hereinafter NTS) and put them on notice that Matusov and Greenberg are about to print unauthorized

7

newspaper using Plaintiff's trademark and attempted to convince NTS not to print said newspaper with his trademark.

45. Defendant's unauthorized publication has the same look and feel and is completely identical with Plaintiff publication and uses Plaintiff's distinctive trademark, masthead and distinctive logos on each page, creating confusion and false designation of origin.

46. Plaintiff's attorney in New York – Joel Bouhmart, sent cease and desist letter to NTS.

47. NTS printed anyway and continue to print said newspaper under Plaintiff's trade name contributing to the confusion of average buyers as to the source and origin of the Kurier, thereby contributed to cause, and are continuing to contribute to cause, significant and irreparable ongoing injury to Plaintiff.

48. On November 29, 2007, Plaintiff printed real Kurier in Los Angeles and attempted to distribute it to the Russian stores, which usually sell all Russian newspapers including Kurier.

49. Defendants Aleksander Greenberg, Yelena Feldman and Arina Doe and/or Marina Matusov, acting in concert and in violation of California Unfair competition and restraint of trade statute, called almost each and every store which sells Russian newspapers and represented to the store owners and/or managers that Plaintiff was distributing fake and illegal Kurier and persuaded store owners and/or managers not to take Plaintiff's Kurier.

50. Defendants unlawfully, repeatedly and willfully, printed and distributed continue to distribute their own publication under Kurier trademark with Kurier trade dress and prevented Plaintiff from distributing of real Kurier newspaper, thereby causing and

8

continuing to cause irreparable harm to Plaintiffs' business, reputation, goodwill, trade name, trademarks, and ability to fairly compete in the marketplace.

51. Defendants unlawfully, repeatedly and willfully holding themselves out as owners and/or of Kurier, infringed on the plaintiffs trademark and trade dress, restraint on Plaintiff;s trade of his original Kurier newspaper, and thereby caused, and are continuing to cause, significant and irreparable ongoing injury to Plaintiffs.

52. Defendants' wrongful, illegal and unconscionable acts complained of hereto have caused and continue to cause significant irreparable harm to the goodwill and famous reputation of Plaintiff's business unless enjoined by this Court.

## AS AND FOR A FIRST COUNT AGAINST ALL OF THE DEFENDANTS
### (False designation of origin and unfair competition (by unauthorized use of Plaintif's trademark) under 43(a) of Lanham Act 15 U.S.C. § 1125 (a))

53. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

54. Defendants' hijacking, copying, theft, infringement, and unauthorized commercial use of Plaintiff's trademark "Kurier" constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

55. Defendants hijacking, copying, theft, infringement, and unauthorized commercial use of Plaintiffs' Mark is likely to cause confusion, mistake and/or to deceive the public as to the source or origin of the purported products, goods and services sold by Defendants and/or whether there is a legitimate connection between Defendants or their purported products, and Plaintiffs and their products, goods and services,

9

56. The harm to Plaintiffs resulting from Defendants' unlawful acts is irreparable, continuing and not fully compensable by money damages.

57. Defendants' unlawful acts have significantly damaged Plaintiffs and will continue to cause damage and irreparable injury to Plaintiffs unless enjoined by the Court.

58. Based on Defendants' activities, Plaintiffs reasonably believe that Defendants intend to continue unlawfully and unfairly using Plaintiffs' trade dress.

59. As such, Plaintiffs' are entitled to a preliminary and permanent injunction, pursuant to 15 U.S.C. §1116(a), prohibiting Defendants from any and all use of Plaintiffs' trademark

60. Plaintiffs are entitled to recover from Defendants all damages that Plaintiffs have sustained and will sustain as a result of such infringing acts and all gains, profit and advantages obtained by Defendants as a result thereof, in an amount not yet known, but which Plaintiffs are entitled to have trebled due to Defendants' willful infringement plus the costs of this action, including attorneys' fees, pursuant to 15 U.S.C. §1117.

## AS AND FOR A SECOND COUNT AGAINST ALL OF THE DEFENDANTS

## (False designation of origin, trade dress infringement and unfair competition under

## 43(a) of Lanham Act 15 U.S.C. §1125 (a)

61. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

62. Defendants hijacking, copying, theft, infringement, and unauthorized commercial use of Plaintiffs' arbitrary and distinctive trade dress elements including, but are not limited to: a masthead appearance (background color; fonts used; design etc.), each page heading

and appearance; sections appearance, the arrangement of articles etc., constitutes a false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

63. Defendants' trade dress infringes on Plaintiffs' trade dress by incorporating identical or nearly identical distinctive elements that, alone and/or or in combination, create a likelihood of confusion as to the source and quality of Defendants' products.

64. As a fact, it is impossible to tell the difference between Plaintiff's and Defendant's newspapers.

65. Defendants' use and Infringement of Plaintiffs' trade dress is willful, wanton, intentional and deliberate.

66. The harm to Plaintiffs resulting from Defendants' unlawful acts is irreparable, continuing and not fully compensable by money damages.

67. Defendants' unlawful acts have significantly damaged Plaintiffs and will continue to cause damage and irreparable injury to Plaintiffs unless enjoined by the Court.

68. Based on Defendants' activities, Plaintiffs reasonably believe that Defendants intend to continue unlawfully and unfairly using Plaintiffs' trade dress.

69. As such, Plaintiffs' are entitled to a preliminary and permanent injunction, pursuant to 15 U.S.C. §1116(a), prohibiting Defendants from any and all use of Plaintiffs' trade dress

70. Plaintiffs are entitled to recover from Defendants all damages that Plaintiffs have sustained and will sustain as a result of such infringing acts and all gains, profit and advantages obtained by Defendants as a result thereof, in an amount not yet known, but which Plaintiffs are entitled to have trebled due to Defendants' willful infringement or,

11

in the alternative, statutory damages as the Court considers just plus the costs of this action, including attorneys' fees, pursuant to 15 U.S.C. §1117.

## AS AND FOR A THIRD COUNT AGAINST ALL OF THE DEFENDANTS

### (Trademark Dilution, under 15 U.S.C. S 1125(c))

71. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the preceding paragraphs with the same force and effect as if folly set forth herein.

72. As a result of the duration and extent of use of the "KURIER" mark by Plaintiff, the duration and extent of the advertising and publicity of the mark by Plaintiffs, the superior quality of Plaintiffs' publication and the degree of recognition of Plaintiffs' trademark, Plaintiffs' Trademark has achieved an extensive degree of distinctiveness, popularity and is a famous trademark.

73. As a result of Defendants' hijacking, copying, infringing, theft and ongoing improper commercial use of Plaintiff's Trademark, Defendants have diluted and continue to dilute the distinctive quality of and reputation associated with Plaintiffs' Marks and Website.

74. Defendants' acts of trademark dilution are willful, wanton, intentional and deliberate.

75. The harm to Plaintiffs resulting from Defendants' acts is irreparable, continuing and not fully compensable by money damages.

76. Based on Defendants' activities, Plaintiffs reasonably believe that Defendants intend to continue unlawfully using Plaintiffs' illegally and unfairly obtained Marks.

77. Defendants' unlawful acts have damaged Plaintiffs and will continue to cause damage and irreparable injury to Plaintiffs unless enjoined by this Court. As such, Plaintiffs are entitled to a preliminary and permanent injunction pursuant to 15 U.S.C. §1116(a).

12

78. Plaintiffs are also entitled to a judgment from this Court awarding Plaintiffs damages equal to three times me amount of the damages it suffered as a result of Defendants' unlawful acts or, in the alternative, statutory damages as the Court considers just, pursuant to 15 U.S.C. §1117.

## AS AND FOR A FOURTH COUNT AGAINST VITALY MATUSOV.

### (Breach of Fiduciary Duty )

79. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

80. Plaintiffs retained Defendant Vitaly Matusov to distribute Kurier newspaper, sell advertising and collect payments from stores and advertisers, and reposed confidence in him that he would be honest and trustworthy.

81. Plaintiff and Defendant Matusov entered into an oral agreement that Matusov would be taking 60% of the money he collected for the Kurier sales and advertising in Kurier as his compensation and send  40% to Plaintiff.

82. Defendant was in superior position to plaintiff with the respect to his knowledge about revenues and receipt of funds.

83. The misappropriating of said 40% of Plaintiff funds by Matusov constitutes a breach of fiduciary duties to the Plaintiff.

84. The agreement also provided that Matusov would not solicit Kurier's advertisers to the other publications.

85. Matusov now solicits all of Kurier's advertisers to his own newspaper and retains all money from advertising and publication sales and this constitutes breach of fiduciary duty to the Plaintiff.

13

86. Defendant Matusov also breached his fiduciary duties and obligations to Plaintiffs by, among other things, misappropriating Plaintiffs' trademark that Plaintiff had provided to Defendants solely to use when authorized by plaintiff.

87. Defendant Matusov breached his fiduciary duty to Plaintiff by misappropriating Plaintiff's funds to unlawfully reproduce, steal and infringe Plaintiffs' business, trade name, goodwill and by printing and distributing an identical, and directly competing publication, and hijacking all plaintiff's advertisers.

88. Defendants' acts alleged in this count constitute breach of fiduciary duties to Plaintiff, and have caused substantial monetary damage to Plaintiff's business trademark, reputation and good will, in the amount presently unknown.

## AS AND FOR A FIFTH COUNT AGAINST VITALY MATUSOV

### (Breach of Contract)

89. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

90. In 1994 Plaintiffs entered into a valid and binding oral contract with Defendant Matusov that Matusov would  be taking 60% money he collected for newspaper and advertising sale as his compensation and would send 40% to Plaintiff, and would not solicit Kurier's advertisers  to other publications.

91. The contract also provided that Matusov would use Kurier Mark only as authorized by Plaintiff with Plaintiff's newspaper.

14

92. At all relevant times, Plaintiffs fully performed his duties and obligations under the agreement, provided valuable consideration, and fully complied with all terms, conditions, and requirements thereof.

93. Defendant Matusov materially breached the Agreement by misappropriating Plaintiffs' funds to unlawfully reproduce, steal and infringe Plaintiffs' business, trade name, goodwill and by printing and distributing identical, directly competing business and hijacking all plaintiff's advertisers.

94. As a direct result of Defendants' breaches of the Agreement, Plaintiffs have been injured and suffered extensive monetary damages, in an amount presently unknown.

## AS AND FOR A SIXTH COUNT AGAINST DEFENDANT VITALY MATUSOV

### (Fraud)

95. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

96. Plaintiffs justifiably relied on Defendants' material and false representations as to the income of the Los Angeles edition of Kurier's publication, and that Plaintiff's 40% constitutes $2800 a month.

97. Defendant misrepresented and/or omitted material facts when, with the intent to deceive and defraud thereby caused substantial damages to Plaintiff.

98. Defendant acts of fraud are willful, wanton, intentional and deliberate.

99. Accordingly, in equity and good conscience, Defendants must be compelled to return to Plaintiff the difference between $2800 which was paid monthly to Plaintiff since 1994

and the amount which constitutes of 40% of gross income of LA edition of kurier after printing expanse, which amount presently unknown.

## AS AND FOR AN SEVENTH COUNT AGAINST VITALY MATUSOV AND ALEKSANDER GREENBERG

### (Conversion)

100. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

101. Defendants unlawfully stole, misappropriated Plaintiffs' 40% of Kurier's LA edition profits, without Plaintiffs' knowledge, authorization, consent or permission.

102. Defendants' conversion of Plaintiffs' property is willful, wanton, intentional and deliberate.

103. The exact amount presently unknown.

## AS AND FOR AN EIGHTH COUNT AGAINST ALL DEFENDANTS

### (Unjust Enrichment)

104. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

105. Defendants' misappropriation of Plaintiffs' trademark, trade dress, advertisers, and other valuable intellectual property of Plaintiff has caused Defendants to be enriched.

106. As described herein, such enrichment was unjust and at Plaintiffs' expense.

16

107. All of the Defendants knowingly and willfully, contributed to trademark and trade dress infringement thereby caused Plaintiff substantial monetary damages in the amount presently unknown.

108. Accordingly, in equity and good conscience, Defendants must be compelled to return to Plaintiff all funds, in the amount presently unknown, which derived from publishing and distribution of unauthorized Kurier newspaper, and such other unjust enrichment unlawfully obtained by Defendants from Plaintiff.

## AS AND FOR A NINTH COUNT AGAINST VITALY MATUSOV, MARINA MATUSOV, ALEKSANDER GREENBERG AND YELENA FELDMAN

### (Trespass to Chattels)

109. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

110. Defendants, intentionally and without authorization, justification or consent, have physically interfered with the use and enjoyment of Plaintiffs' personal and valuable property.

111. Defendants' trespass to Plaintiffs' chattels is willful, wanton, intentional and deliberate.

112. The harm to Plaintiffs resulting from Defendants' acts is irreparable, continuing and not fully compensable by money damages

113. Defendants' unlawful acts have damaged Plaintiff and will continue to cause damage and irreparable injury to Plaintiffs unless enjoined by this Court. As such, Plaintiffs is entitled to a preliminary and permanent injunction.

114. Defendants' acts have also caused substantial monetary damage to Plaintiffs' business operations, reputation and good will, the exact amount to be determined at trial.

**AS AND FOR A TENTH COUNT AGAINST VITALY MATUSOV, MARINA**

**MATUSOV, ALEKSANDER GREENBERG AND YELENA FELDMAN.**

**(Intentional Interference With Prospective Economic Advantage)**

115. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth heroin,

116. Plaintiff through his business - Los Angeles edition of Kurier had actual and prospective business relationships with numerous third parties advertisers and stores in which Kurier sold.

117. Defendants' intentional unlawful acts – including but not limited to impersonating, masquerading as, posing as, and/or fraudulently passing themselves off as Plaintiff in the marketplace, unlawfully contacting Plaintiffs' customers, have repeatedly interfered with Plaintiffs' economic and business relationships.

118. Defendants also contacted stores which sell Kurier, and repeatedly and falsely disparaged and provided false negative information about Plaintiff and his original Kurier publication to said parties.

119. Defendants repeatedly and unlawfully stealing Plaintiff's Kurier's business clients, customers, and potential customers.

120. Defendants acted with the purpose of harming Plaintiff and his business for the unlawful purpose of stealing Plaintiff's business, customers, identity, intellectual property, thereby unfairly competing with Plaintiffs, and improperly and unlawfully attempting to shut down Plaintiff's entire Los Angeles business operation.

121. Defendants' acts of interference with Plaintiff's business relations are willful, wanton, intentional and deliberate.

122. The harm to Plaintiffs resulting from Defendants' acts is irreparable, continuing and not fully compensable by money damages.

123. Defendants' unlawful acts have damaged Plaintiffs and will continue to cause damage and irreparable injury to Plaintiffs unless enjoined by this Court. As such, Plaintiffs are entitled to a preliminary and permanent injunction.

124. Defendants' acts have caused substantial monetary damage to Plaintiffs' Kurier business operations, trade name, Marks, reputation and good will, in the amount presently unknown.


## AS AND FOR A ELEVENTH COUNT AGAINST ALL OF THE DEFENDANTS
### (Common Law Unfair Competition)

125. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

126. Defendants' unlawful acts as described in the complaint herein amount to unfair competition under the common law.

127. Defendants' acts represent an unlawful attempt to wrongly benefit from the reputation of Plaintiffs' trade name, trademark, and to confuse the consuming public – as well as Plaintiff's advertisers, and customers – as to the source of the product.

128. Defendants have also unfairly competed with plaintiff by making misrepresentations and false statements to third parties about Plaintiff and the origin of Kurier newspaper, and force the store owners/managers not to sell Plaintiff's real Kurier, thereby

preventing plaintiff form distributing his original product which caused Plaintiff to sustain substantial monetary and irreparable damages.

129. Defendants' acts of unfair competition are willful, wanton, intentional and deliberate.

130. The harm to Plaintiffs resulting from Defendants' acts is irreparable, continuing and not fully compensable by money damages.

131. Defendants' unlawful acts have damaged. Plaintiffs and will continue to cause damage and irreparable injury to Plaintiffs unless enjoined by this Court. As such, Plaintiffs are further entitled to a preliminary and permanent injunction.

132. Defendants' acts have also caused substantial monetary damage to Plaintiff's publication business operations, trademark, reputation and good will, in the amount presently unknown.

## AS AND FOR AN TWELVETH COUNT AGAINST ALL OF THE DEFENDANTS

### (Deceptive Business Practices, Consumer Fraud, Unfair Competition, and False Advertising under CAUCL Business and Professions Code § 17200)

133. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

134. Defendants' unlawful acts as set forth in all preceding counts, herein amount to unfair competition under the Business and Professions Code § 17200.

135. Defendants, by infringing, hijacking, stealing, copying and distributing unauthorized publication under Plaintiff's trademark, and trade dress, and unlawfully misusing the same for it commercial purposes, have deceived, confused, and misguided the public as to the source or origin of the purported Kurier newspaper and advertising services sold

by Defendants, that there is a legitimate connection between Defendants and/or their purported products, and Plaintiffs and his original product, and/or that Defendant's sham commercial activities are authorized by, endorsed by, affiliated with or otherwise associated with Plaintiff.

136. Defendants' acts represent an unlawful attempt to wrongly benefit from the reputation of Plaintiffs' trade name, Marks, and to confuse the consuming public – as well as Plaintiff's advertisers, and customers - into the incorrect belief that they are getting original product.

137. Defendants have also unfairly competed with plaintiff by making misrepresentations and false statements to third parties about Plaintiff and origin of Kurier newspaper, and convinced and/or conspired and agreed the store owners/managers not to sell Plaintiffs original Kurier, thereby preventing plaintiff to distribute his original product which caused Plaintiff to sustain substantial monetary and irreparable damages.

138. Defendants' acts of unfair competition are willful, wanton, intentional and deliberate.

139. The harm to Plaintiffs resulting from Defendants' acts is irreparable, continuing and not fully compensable by money damages.

140. Defendants' unlawful acts have damaged. Plaintiffs and will continue to cause damage and irreparable injury to Plaintiffs unless enjoined by this Court. As such, Plaintiffs are further entitled to a preliminary and permanent injunction.

141. Defendants' acts have also caused substantial monetary damage to Plaintiff's publication business operations, Marks, reputation and good will, in the amount presently unknown.

## AS AND FOR AN THIRTEENTH COUNT AGAINST ALL OF THE DEFENDANTS

### (Prohibited Restraints on Trade and Comerce in violation of California Unfair Competition Law, Business and Profession Code § 16720)

142. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

143. Defendants agreed upon a common scheme amongst themselves to, inter alia, misappropriate Plaintiffs' trademark that Plaintiffs had provided to Defendants solely to be used when authorized by Plaintiff in conjunction with Plaintiff's publication to embark on a scheme to unlawfully reproduce, steal and infringe Plaintiffs' business, trademark, goodwill and print and distribute identical publication.

144. These acts by itself resulted in restraint on Plaintiff's trade because two identical newspapers at one geographical aria can not exist and plaintiff was forced to sees his publication.

145. Said acts constitute a restraint on Plaintiff's trade in violation of Business and Profession Code § 16720

146. Defendants have further agreed upon a common scheme amongst themselves to restraint Plaintiff's trade in violation of Business and Profession Code § 16720 by making misrepresentations and false statements to third parties about Plaintiff and the origin of the Kurier newspaper, and persuade and/or conspired and agreed with the store owners/managers not to sell Plaintiff's original product, but to sell Defendant's purported Kurier, thereby preventing plaintiff from distributing his real Kurier newspaper which caused Plaintiff to sustain substantial monetary and irreparable damages.

22

147. Defendants' acts of restraint on Plaintiff's trade are willful, wanton, intentional and deliberate.

148. The harm to Plaintiffs resulting from Defendants' acts is irreparable, continuing and not fully compensable by money damages.

149. Defendants' unlawful acts have damaged Plaintiffs and will continue to cause damage and irreparable injury to Plaintiffs unless enjoined by this Court. As such, Plaintiffs are entitled to a preliminary and permanent injunction pursuant to Section 16750 of California Business and Profession Code.

150. Defendants' acts have also caused substantial monetary damage to Plaintiff's business operations, trade name, Marks, reputation and good will, the exact amount to be determined at trial.

151. Plaintiff is entitle to a judgment from this Court awarding recover three times the damages sustained by him, interest on his or her actual damages and shall be awarded a reasonable attorneys' fee together with the costs of the suit pursuant to Section 16750 and 16761 of California Business and Profession Code.

## AS AND FOR AN FORTEENTH COUNT AGAINST ALL OF THE DEFENDANTS

### (Conspiracy against trade in violation of California Unfair Competition Law, Business and Profession Code § 16755 )

152. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein.

153. Defendants agreed upon a common scheme amongst them to, inter alia, misappropriate Plaintiffs' trademark that Plaintiffs had provided to Defendants solely to be used when

23

authorized by Plaintiff in conjunction with Plaintiff's publication, and to embark on a scheme to unlawfully reproduce, steal and infringe Plaintiffs' business, trademark, goodwill and print and distribute identical publication.

154. Defendants have further agreed upon a common scheme amongst themselves to restraint Plaintiff's trade in violation of Business and Profession Code § 16755 by making misrepresentations and false statements to third parties about Plaintiff and origin of Kurier newspaper, and force and/or agree with the store owners/managers not to sell Plaintiffs original product, but to sell Defendant's purported Kurier, thereby preventing plaintiff from distributing his original product which has caused Plaintiff to sustain substantial monetary and irreparable damages.

155. Defendants committed overt acts in furtherance of this common scheme, including infringing on Plaintiffs trademark, making misrepresentations and false statements to third parties, repeatedly impersonating Plaintiffs' corporate identity, copying and stealing trademark and trade dress.

156. Defendants' acts of conspiracy to restraint on plaintiff's trade and competition are willful, wanton, intentional and deliberate.

157. The harm to Plaintiffs resulting from Defendants' acts is irreparable, continuing and not fully compensable by money damages.

158. Defendants' unlawful acts have damaged Plaintiffs and will continue to cause damage and irreparable injury to Plaintiffs unless enjoined by this Court. As such, Plaintiffs are entitled to a preliminary and permanent injunction pursuant to Section 16750 of California Business and Profession Code.

On the **Fourteenth count** for damages three times of the actual damages in the amount to be determine at trial and reasonable legal fees and expanses.

On the **Fifteenth count** for an accounting.

Dated: February 12, 2008

Oleg Pogrebnoy
Plaintiff Pro *per*
1705 Pico Blv. suite 107
Santa Monica, CA 90405
Phone: 213-909-4148; 213-596-0358
E-mail: dvavc@rcn.com



# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| Oleg Pogrebnoy      PLAINTIFF(S) <br><br> v. <br><br> Vitaly Matusov; See Attachment <br><br><br> DEFENDANT(S). | CV-08-1080-PA(SSx) <br><br><br> **SUMMONS** |

TO:   DEFENDANT(S): <u>Vitaly Matusov; See Attachment</u>

A lawsuit has been filed against you.

Within  <u>20</u>  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Oleg Pogrebnoy</u> _____, whose address is <u>1705 Pico Blvd.1 Suit 107 Santa Monica, CA 90405</u> _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  <u>2-15-08</u>           By _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                     **SUMMONS**

Attorneys for Plaintiff(s)

FILED      ORIGINAL

1   OLEG POGREBNOY (Pro Per)
2   1705 Pico Blvd. suit 107
    Santa Monica, CA 90405
3   Phone: (213) 909-4148
            (213)596-0358

2008 FEB 15  PM 4: 02

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

OLEG POGREBNOY

                    PLAINTIFF

            v.

VITALY MATUSOV;
MARINA MATUSOV;
RUSSIAN NEWSPAPERS DISTRIBUTORSHIP;
ALEXANDER GREENBERG;
YELENA FELDMAN;
ARINA DOE;
YEFIM DOE;
ALEXANDER DOE;
ALEXANDER DOE;
VLADIMIR DOE;
NEWS-TYPE SERVICE, INC.,( AKA NTS);
JOHN & JANE DOE;
JOHN AND JANE DOE INC.

                    DEFENDANTS.

CASE NUMBER

COMPLAINT    08 - 1080 - PA (SS X)



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Percy Anderson and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV08- 1080 PA (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = :

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

**ORIGINAL**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☒)<br><br>Oleg Pogrebnoy (Pro per) | **DEFENDANTS** : Vitaly Matusov; Marina Matusov;Russian newspaper distributorship; Alexander Greenberg; Yelena Feldman; Arina Doe;Yefim Doe; Alexander Doe; Alexander Doe; Vladimir Doe;News-type services Inc.;John & Jane Doe; John & Jane Doe Inc. |
| **(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):<br>Los Angeles |
| **(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No          ☑ **MONEY DEMANDED IN COMPLAINT: $** _1 mill. +presently unknown_

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

False designation of origin; trade dress inveiglement; trade dress dilution in violation of  43(a) Lanham Act, 15U.S.C. par.1125(a)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER<br>PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | Vacate Sentence Habeas Corpus | ☐ 720 Labor/Mgmt. |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | Relations |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | Disclosure Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☑ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 865 RSI (405(g)) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | FEDERAL TAX SUITS |
| | ☐ 290 All Other Real Property | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No  ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**    Case Number:

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☐ No ☑ Yes

If yes, list case number(s): 95 CIV.4677(JFK)  899 F. Supp.1204;1995 U.S.Dist.

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☑ A. Arise from the same or closely related transactions, happenings, or events; or

☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☑ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

Upon the knowledge and belief all defendants resides in  Los Angeles
county

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named **defendant**.

N/A

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

N/A

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____     Date  Feb. 15, 08

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |