**SEND**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| Case No. | CV 08-1080 PA (SSx) | Date | January 26, 2009 |
|---|---|---|---|

| Title | Oleg Pogrebnoy v. Vitaly Matusov, et al. |
|---|---|

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - ORDER RE: RICO CASE STATEMENT
                    ORDER TO SHOW CAUSE

In this action, claims have been asserted under the Racketeer Influenced and Corrupt Organizations provisions of the Organized Crime Control Act of 1970, 18 U.S.C. § 1961, et seq. ("RICO"). The Court hereby orders counterclaim plaintiff Russian Newspaper Distribution, Inc. ("RND") to file a "RICO Case Statement" on or before February 5, 2009. The RICO Case Statement shall include the facts relied upon by RND for its RICO claim for relief. It shall use the numbers and letters set forth below, and shall state in detail and with specificity the following information:

      1.     RICO Provision. State whether the alleged unlawful conduct is in violation of 18 U.S.C. §§ 1962(a), (b), (c), and/or (d).

      2.     Defendants. List each RICO defendant and state the alleged misconduct and basis of liability of each defendant.

      3.     Other RICO Violators. List all alleged RICO violators, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

      4.     Victims. List the alleged victims and state how each victim was allegedly injured.

      5.     Pattern of Racketeering Activity. Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. A description of the pattern of racketeering shall include the following information:

            a.     List the alleged predicate acts and the specific statutes which were allegedly violated;

            b.     Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;

            c.     If the RICO claim is based on the predicate offenses of mail fraud, wire fraud or fraud in the sale of securities, the "circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b) (Identify the time, place and contents of the alleged failures to disclose and/or misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations and/or failures to disclose were made);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-1080 PA (SSx) | Date | January 26, 2009 |
|---|---|---|---|
| Title | Oleg Pogrebnoy v. Vitaly Matusov, et al. | | |

       d.    State whether there has been a criminal conviction for violation of the predicate acts and if so, provide particulars;

       e.    State whether civil litigation has resulted in a judgment with respect to the predicate acts and if so, provide particulars; and

       f.    Describe how the predicate acts are both "related" and "continuous" within the meaning of H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 239, 109 S. Ct. 2893, 2900–01, 106 L. Ed. 2d 195 (1989) and its progeny, including Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1527 (9th Cir. 1995).

    6.    Enterprise. Describe in detail the alleged enterprise and specify what structure it had. A description of the enterprise shall include the following information:

       a.    The names of the individuals, partnerships, corporations, associations or other legal entities that allegedly constitute the enterprise;

       b.    The purpose, function and course of conduct of the enterprise;

       c.    Whether any named defendants are or were employees, officers or directors of the alleged enterprise;

       d.    Whether you are alleging that the defendants are or were separate from the alleged enterprise, collectively constitute the enterprise itself, or are or were members of the enterprise; and

       e.    Whether (and if so how) the enterprise was affected by or benefitted from the pattern of racketeering activity.

    7.    Interstate or Foreign Commerce. Describe the effect of the activities of the enterprise on interstate or foreign commerce.

    8.    Section 1962(a). If the complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

       a.    State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and
       b.    Describe the use or investment of such income.

    9.    Section 1962(b). If the complaint alleges a violation of 18 U.S.C. § 1962(b), provide the following information:

       a.    Describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 08-1080 PA (SSx) | Date | January 26, 2009 |
|---|---|---|---|
| Title | Oleg Pogrebnoy v. Vitaly Matusov, et al. | | |

      b.    State whether the same entity is both the liable "person" and the "enterprise" under § 1962(b).

    10.    Section 1962(c). If the complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

      a.    State who is employed by or associated with the enterprise; and

      b.    State whether the same entity is both the liable "person" and the "enterprise" under § 1962(c).

    11.    Section 1962(d). If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

    12.    Injury to Business or Property.

      a.    Describe the alleged injury to business or property; and

      b.    Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

    13.    Damages. List the damages sustained for which each defendant is allegedly liable.

Failure to respond to this Order will result in the dismissal with prejudice of all RICO claims for relief.

In addition to suing Plaintiff Oleg Pogrebnoy, RND sues Kurier and Kurier Weekly, business entities of unknown form; VVP Inc., a New York corporation; Marina Segal; Felix Segal; and Felix Dolgopyaton. RND has obtained defaults by the clerk against Kurier, Kurier Weekly, and VPP, Inc., but has failed to file motions for default judgment. No proper proof of service has been filed for service on Felix Segal, Marina Segal, or Felix Dolgopyaton.

Absent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). In the present case, it appears that this time period has not been met as to Felix Segal, Marina Segal, or Felix Dolgopyaton. Additionally, the Court has the power to dismiss a case for failure to prosecute. See Fed. R. Civ. P. 41(b); Link v. Wabash RR Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962). RND has failed to timely pursue its remedies under Federal Rule of Civil Procedure 55 against Kurier, Kurier Weekly, and VVP Inc. Accordingly, the Court, on its own motion, orders RND to show cause in writing on or before February 5, 2009 why this action should not be dismissed as to these six counter-defendants for lack of prosecution. Failure to respond to this Order to Show Cause may result in dismissal of these defendants from the action without prejudice.

    IT IS SO ORDERED.