UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 08-1080 PA (SSx) | Date | January 26, 2009 |
| Title | Oleg Pogrebnoy v. Vitaly Matusov, et al. | | |

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None  None

**Proceedings:**   MOTIONS FOR SUMMARY JUDGMENT

Before the Court are cross motions for summary judgment filed by defendants Vitaly Matusov, Russian Newspaper Distribution, Inc. ("RND"), Marina Matusov, Alexander Ginsburg and Yelena Ferdman (collectively "RND Defendants") (Docket No. 121) and plaintiff Oleg Pogrebnoy ("Plaintiff") (Docket No. 157). Also before the Court is a Motion for Joinder and Motion for Summary Judgment ("NTS's Motion") (Docket No. 149) filed by defendant News-Type Service Inc. ("NTS").[1] Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearings calendared for January 26, 2009, are vacated, and the matters taken off calendar.

I.   **Factual Background**

Plaintiff publishes a Russian newspaper called Kurier, for which he claims to own the unregistered trademark "Kurier" (in Cyrillic). Plaintiff alleges that in 1994, he entered an oral agreement with Vitaly Matusov[2] to distribute the newspaper in California. The newspaper had been distributed in New York and elsewhere, primarily on the east coast. According to Plaintiff, the agreement established that Matusov would distribute the newspaper on the west coast and sell advertising space. Plaintiff and Matusov would split the profits fifty-fifty. In or around 1998, Plaintiff alleges the parties amended the agreement so that he would take 40% of the profits and Matusov would take 60%, and Plaintiff would not participate in any expenses outside of printing. Plaintiff claims that Matusov represented that $2800.00 per month would represent 40% of monthly profits, to be paid until the revenue changed, at which point the parties would adjust the amount to constitute 40% of the total revenue. Plaintiff alleges that Matusov periodically confirmed that $2800.00 was in fact 40% of the total revenue.

Plaintiff claims he asked for an accounting in 2007, but Matusov did not provide one. Plaintiff alleges he then terminated his permission to distribute the paper, but Matusov and other defendants continued to distribute it and interfered with Plaintiff's attempt to distribute what he alleges is the true Kurier newspaper. Accordingly, Plaintiff sues all Defendants for violations of the Lanham Act, 15

---

[1]   The Court will refer to all defendants collectively as "Defendants."

[2]   References to "Matosov" indicate Vitaly Matusov, not Marina Matusov.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 08-1080 PA (SSx) | Date | January 26, 2009 |
| Title | Oleg Pogrebnoy v. Vitaly Matusov, et al. | | |

U.S.C. § 1125 (false designation of origin, trade dress infringement, and dilution), unjust enrichment, common law unfair competition, and unfair competition in violation of California Business and Professions Code §§ 17200 and §16720. Plaintiff sues Matusov for breach of fiduciary duty, breach of contract, and fraud. Plaintiff sues Matusov and Ginsburg for conversion. Plaintiff sues all individual defendants for intentional interference with prospective economic advantage, and Plaintiff sues Vitaly Matusov, Marina Matusov, and Ginsburg for fraudulent transfer. Plaintiff moves for summary judgment on his claim for false designation of origin.

RND Defendants tell a very different story. According to RND Defendants, RND owns a newspaper called Kurier that is published in California and distributed in California and other western states. RND Defendants claim that this newspaper is distinct from Plaintiff's New York Kurier. RND Defendants deny the oral agreement with Plaintiff. Rather, RND Defendants claim that content was simply purchased for the California newspaper from Plaintiff. Thus, RND Defendants argue that the regular monthly payments to Pogrebnoy were static because they represented a purchase of content, not a percentage of revenue.

RND Defendants also allege that Plaintiff published his Kurier newspaper and interfered with RND Defendants' Kurier newspaper in violation of their rights. Accordingly, RND sues Plaintiff and third parties[3/] for violations of the Lanham Act, civil RICO, trademark infringement, unfair business practices, false or misleading statements under the California Business & Professions Code, unfair competition, intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, intentional interference with contractual relations, negligent interference with contractual relations, conspiracy, slander of title, and trade libel. RND Defendants move for summary judgment or, alternatively, partial summary judgment on Plaintiff's claims.

NTS is the printer for RND Defendants' alleged Kurier newspaper. NTS joins RND Defendants' Motion. Additionally, NTS argues that it is an innocent printer under the Lanham Act, and accordingly the Court should limit any relief against it to injunctive relief.

The primary issue in this dispute, at least at this stage of the litigation, is whether Plaintiff owns the Kurier mark. In this action, Plaintiff has alleged and testified repeatedly that he personally owns the Kurier mark. (See, e.g., Pogrebnoy Opposition Declaration, p. 1, ¶ 3.) In their Motion, RND Defendants presented evidence that a now-defunct New York entity, Russian Kurier Inc., was found to have owned the mark in New York in 1996. (Declaration of Mark Rabinovich, Exh. K.) In the Reply in support of his Motion, Plaintiff clarified the history of the use of the mark by him and different entities associated with him. Apparently Plaintiff published the Kurier paper in New York on his own in 1992 until he formed Russian Kurier, Inc. after several months to publish the paper. Russian Kurier, Inc. was dissolved in 1999, and the Kurier newspaper has been published by "various affiliated companies" since then. (Reply, p. 2.) Plaintiff explained that since prior to the dispute with Matusov in 2007, the Kurier newspaper has been published by (and continues to be published by) Radony Inc., a corporation "solely

---

[3/]    RND sues Plaintiff, as well as Kurier and Kurier Weekly, business entities of unknown form; Marina Segal; Felix Segal; Felix Dolgopyaton; and VVP Inc., a New York corporation. RND has obtained defaults by the clerk against Kurier, Kurier Weekly, and VPP, Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 08-1080 PA (SSx) | Date | January 26, 2009 |
|---|---|---|---|
| Title | Oleg Pogrebnoy v. Vitaly Matusov, et al. | | |

owned" by Plaintiff. (Reply, p. 2.) Plaintiff, however, after reading RND Defendants' Motion, executed a transfer of all remaining assets of Russian Kurier Inc. to himself in December of 2008, including any trademarks owned by Russian Kurier, Inc. (Pogrebnoy Declaration in Support of MSJ, ¶ 7, Exh. D.) In the Reply, Plaintiff now concedes that it appears that Radony, Inc. owns the Kurier mark pursuant to American Sleek Craft, Inc. v. Nescher, 131 B.R. 991 (D. Ariz. 1991), cited by RND Defendants. Accordingly, Plaintiff seeks to join Radony, Inc. as an indispensable party.

After reviewing the parties' papers in support of the Motions, the Court issued an Order to Show Cause on January 13, 2009 regarding ownership of the Kurier mark. The Court required Plaintiff to answer the following questions, under penalty of perjury:

(1) Did Plaintiff transfer or convey the business of publishing the Kurier newspaper to Radony, Inc.?

(2) If the answer to question (1) is affirmative, when did the transfer or conveyance occur?

(3) Is Radony, Inc. a corporation in good standing?

Plaintiff replied in a declaration under penalty of perjury answering the questions as follows:

(1) Yes, business of publishing of Kurier newspaper was de facto transferred to Radony Inc. from its predecessor RWNY Inc. Plaintiff is the sole shareholder of both corporations.

(2) To the best of plaintiff's recollection, the transfer occurred on or about the end of April 2007.

(3) Yes, Radony Inc., is in good standing.

Accordingly, Plaintiff affirmed under penalty of perjury that the business of Kurier, Inc. was transferred to Radony, Inc. and is currently run by Radony, Inc. This transfer, according to Plaintiff, therefore occurred prior to Plaintiff's commencement of this litigation.

II. **Standard on Motion for Summary Judgment**

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S. Ct. 2505, 2514, 91 L. Ed. 2d 202 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); see also Musick v. Burke, 913 F.2d 1390, 1394 (9th Cir. 1990). The moving party must affirmatively show the absence of such evidence in the record, either by deposition testimony, the inadequacy of documentary evidence, or by any other form of admissible evidence. See Celotex, 477 U.S. at 322, 106 S. Ct. at 2552. The moving party has no burden to negate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 08-1080 PA (SSx) | Date | January 26, 2009 |
|---|---|---|---|
| Title | Oleg Pogrebnoy v. Vitaly Matusov, et al. | | |

or disprove matters on which the opponent will have the burden of proof at trial. See id. at 325, 106 S. Ct. at 2554.

As required on a motion for summary judgment, the facts are construed "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). However, the nonmoving party's allegation that factual disputes persist between the parties will not automatically defeat an otherwise properly supported motion for summary judgment. See Fed. R. Civ. P. 56(e)(2) (nonmoving party "may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial"). A "mere 'scintilla' of evidence will be insufficient to defeat a properly supported motion for summary judgment; instead, the nonmoving party must introduce some 'significant probative evidence tending to support the complaint.'" Fazio v. City & County of San Francisco, 125 F.3d 1328, 1331 (9th Cir. 1997) (quoting Anderson, 477 U.S. at 249, 252, 106 S. Ct. at 2510, 2512). Otherwise, summary judgment shall be entered.

### III.   Analysis

#### A.   Ownership of the Mark and Standing

In American Sleek Craft, Inc., the court explained that "[t]he law presumes that when a business is conveyed, its trade name and good will are also conveyed." 131 B.R. at 996. The transferor of a business will not be found to have merely licensed its trademark to the transferee in the absence of strong evidence to the contrary. See id. at 998. To find an implied license under these circumstances would leave the business' assets with the transferor and liabilities with the transferee, which makes little sense. See id.

Here, after months of insisting he owns the Kurier mark, and commencing this action based on that premise, Plaintiff suddenly—and after the close of discovery and receipt of RND Defendants' Motion—admits that the mark is actually owned by Radony, Inc. Plaintiff has presented no evidence in support of a theory that he merely licensed the mark to his corporations. And he confirms that he did not even transfer the business of publishing the Kurier newspaper from himself to Radony, Inc.; another of his corporations did. It is unclear what Plaintiff refers to when he discusses a "de facto" transfer from one corporation to another. However, one thing is clear: the business of publishing the Kurier newspaper was transferred from Plaintiff's ownership, and he does not own the Kurier mark.

In order to have standing to bring trademark claims under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), a party need not own the mark; only a cognizable commercial interest is necessary. Halicki Films, LLC v. Sanderson Sales and Marketing, 547 F.3d 1213, 1225 (9th Cir. 2008). Plaintiff, however, has asserted no interest but the ownership of the mark, which he now admits does not belong to him. Therefore, the Court finds that Plaintiff has no standing to bring claims under the Lanham Act. See id. Accordingly, Plaintiff's Motion for partial summary judgment as to his first claim for false designation of origin is denied. RND Defendants' Motion and NTS' Motion are granted as to Plaintiff's Lanham Act claims—his first claim for false designation of origin, his second claim for trade tress infringement, and his third claim for dilution. A number of Plaintiff's state law causes of action also rely on Plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 08-1080 PA (SSx) | Date | January 26, 2009 |
|---|---|---|---|
| Title | Oleg Pogrebnoy v. Vitaly Matusov, et al. | | |

standing to sue for violation of the Kurier mark: his eleventh claim for common law unfair competition, his twelfth claim for violation of California Business & Professions Code § 17200, his thirteenth claim for violation of California Business & Professions Code § 16720, and his fourteenth claim for violation of California Business & Professions Code § 16755. Summary judgment is granted for Defendants on these claims as well.

### B. Request to Join Radony, Inc.

In his Reply, Plaintiff seeks leave to amend the First Amended Complaint under Federal Rule of Civil Procedure 15(a) and to join Radony, Inc. as an indispensable party under Federal Rule of Civil Procedure 19. This request—inserted into the Reply in support of Plaintiff's Motion, rather than brought as an appropriate motion or application—is procedurally improper. However, even if the request were procedurally proper, the Court would deny it on its merits.

Plaintiff seeks to amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a), which permits a party to amend a pleading before trial but after the time for amendment as a matter of course has expired "only with the opposing party's written consent or the court's leave." Pursuant to this Court's Schedule of Trial and Pretrial Dates, issued on July 28, 2008, the deadline for amending the pleadings was September 22, 2008. Moreover, this Court's Scheduling Order issued on July 30, 2008 states that "[a]ny motions to join other parties or for leave to amend the pleadings shall be filed within sixty (60) days of the date of this Order *so that they can be heard and decided prior to the deadline.*" (Scheduling Order, p. 2, ¶ 2 (emphasis added).) No motion was filed at all, much less filed in time to be heard prior to the deadline, and the request is therefore improper under Rule 15. Plaintiff could have moved under Federal Rule of Civil Procedure 16(b)(4) to modify the Court's Scheduling Order for good cause, if he had done so in time to be heard by the January 12, 2009 motion cutoff date. Plaintiff did not do so. More significantly, there is no indication that Plaintiff has good cause for not complying with this Court's Schedule of Trial and Pretrial Dates. The information regarding Radony, Inc.'s apparent ownership of the Kurier mark was within Plaintiff's knowledge since before the original Complaint was filed. The Court declines to permit amendment of the pleadings to join Radony, Inc. as an indispensable party.

### C. Remaining State Law Causes of Action

Plaintiff sues individual defendants Alexander Ginsburg, Marina Matusov, and Yelena Ferdman for various state causes of action.[4/] The Court agrees with RND Defendants that Plaintiff has not met his burden to demonstrate a triable issue of material fact as to his claims against these defendants. See Anderson, 477 U.S. at 249, 252, 106 S. Ct. at 2510, 2512; Fazio, 125 F.3d at 1331. Plaintiff has largely

---

[4/] Plaintiff sues Alexander Ginsburg for unjust enrichment, intentional interference with prospective economic advantage, fraudulent transfer, and conversion; Marina Matusov for unjust enrichment, intentional interference with prospective economic advantage, and fraudulent transfer; and Yelena Ferdman for unjust enrichment and intentional interference with prospective economic advantage.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 08-1080 PA (SSx) | Date | January 26, 2009 |
|---|---|---|---|
| Title | Oleg Pogrebnoy v. Vitaly Matusov, et al. | | |

failed to discuss these individual defendants. Where Plaintiff has addressed his causes of action against them, he has not submitted sufficient admissible evidence to sustain his claims, relying instead on inadmissible hearsay. Accordingly, summary judgment is granted as to all causes of action against Alexander Ginsburg, Marina Matusov, and Yelena Ferdman.

As to Vitaly Matusov, however, the Court finds that Plaintiff's declarations regarding the series of conversations and events between Plaintiff and Matusov create triable issues of material fact as to the state law causes of action against Matusov: breach of fiduciary duty, breach of contract, fraud, conversion, intentional interference with prospective economic advantage, and fraudulent transfer. Summary judgment is denied as to these causes of action against Matusov.

Plaintiff's eighth cause of action against all defendants for unjust enrichment is not an independent cause of action under California law. Jogani v. Superior Court, 165 Cal. App.4th 901, 911, 81 Cal. Rptr. 3d 503, 511 (Cal. App. 2008); Melchior v. New Line Prod., Inc., 106 Cal. App. 4th 779, 793, 131 Cal. Rptr. 2d 347, 357 (Cal. App. 2003). Rather, it is a general legal principle describing the effect of a failure to make restitution under circumstances where it is equitable to do so. Melchior, 106 Cal. App. 4th at 793, 131 Cal. Rptr. 2d at 357. This general principle underlies various doctrines and remedies, including quasi-contract and quantum meruit. Jogani, 165 Cal. App.4th at 911, 81 Cal. Rptr. 3d at 511. Plaintiff has not pled a theory of recovery based on unjust enrichment, nor pled facts sufficient to sustain one. Accordingly, RND Defendants' Motion and NTS's Motion are granted as to Plaintiff's cause of action for unjust enrichment.[5]

### IV. Conclusion

For the foregoing reasons, Plaintiff's Motion is denied. NTS's Motion is granted. RND Defendants' Motion is granted as to Plaintiff's first claim for false designation of origin, second claim for trade tress infringement, third claim for dilution, eighth cause of action for unjust enrichment, eleventh claim for common law unfair competition, twelfth claim for violation of California Business & Professions Code § 17200, thirteenth claim for violation of California Business & Professions Code § 16720, and fourteenth claim for violation of California Business & Professions Code § 16755. RND Defendants' Motion is also granted as to defendants Marina Matusov, Alexander Ginsburg and Yelena Ferdman. RND Defendants' Motion is denied as to Plaintiff's fourth cause of action for breach of fiduciary duty, fifth cause of action for breach of contract, sixth cause of action for fraud, seventh cause of action for conversion, tenth cause of action for intentional interference with prospective economic advantage, and fifteenth cause of action for fraudulent transfer against Vitaly Matusov.

IT IS SO ORDERED.

---

[5] RND Defendants did not move separately for partial summary judgment on Plaintiff's eighth cause of action for unjust enrichment and fifteenth cause of action for fraudulent transfer. However, because summary judgment is granted for lack of evidence against Alexander Ginsburg, Marina Matusov, and Yelena Ferdman, and because no other claims remain against NTS and RND, this failure does not change the result.